. Thank you. I'm pleased to court. My name is Steve orphan is not represent the appellant in this case. This is a case in which the excessive force claim was submitted to a jury in which the jury found that the. The plaintiff proved that there was excessive force used against him by the defendant. The excessive force. Approximately cause his injuries. Which were 11 lacerations to his head requiring stapling and six stitches to his four to his face. And that jury didn't find that the special verdict form just said that he suffered an injury or injuries proximately caused. Correct. And then it gave him zero dollar damages for it. So the real focus of the case is what. How. Why did the district court then deny a motion for a new trial here when the only theory that was presented to this jury throughout this entire case that the injuries that were caused by Mr. Mr. Ali with the lacerations in the. You didn't move for didn't call the inconsistency of the verdict to the district court's attention. But it's not an inconsistency. So let's walk through the dichotomy and the case and the cases are not necessary. And can't it all can to judge quantity cases are not crystal clear as to what constitutes an inconsistent verdict as opposed to a compromise verdict or one where you're entitled to liability as a matter of law damages as a matter of law. An inconsistent verdict is one in which the two questions themselves on the on claims are inherently inconsistent. So, for instance, two questions are the answers, the answers to the answers to the questions. I'm sorry. So, for instance, if they would have found that there was proximate cause and no use of excessive force, that would be an inconsistent verdict that you need need to address to the to the district court. Or if you had a case in which you had multiple tort claims presented and the elements were virtually identical and the claims were found to be one they prevailed on and one they didn't. What we're looking at here is a case is a situation that the court at this court addressed in Kerman versus the city of New York in 2004, where you look at a award where they find liability. And the question then becomes, as a result of that liability, are you entitled to damages as a matter of law? That's the first thing. The second issue, then, is was it a compromise verdict? That's the next. That's the next issue. And the answer is to what constitutes a compromise verdict, as opposed to one in which you're entitled to damages and not as a matter of law. It's not an it's generally not an easy question because we're not allowed to talk to the jurors. So what we're sitting here, what we have to do is after the fact, effectively speculate as to what they would. What happened to my concern, though? I mean, because you say that there's one theory that was presented that he sustained significant damage to his head. Correct. As a result of Sergeant Kip's excessive force. Correct. And the district in the jury says that his injuries were caused by a preponderance evidence. You're saying that's the only that was the only theory that was presented. Correct. So the zero seems inconsistent. Well, and had you moved for clarification or sought some kind of relief before the jury was discharged? We wouldn't be sitting here today. I'm not so sure that that's the case. And under Kerman, if it wasn't, if it is under Kerman, if I'm entitled to a to a verdict on damages as a matter of law, as a result of liability fine, it doesn't have to be preserved. It's reviewable by this court, whether the district court reserves it or not. The question then becomes, was it a compromise verdict? So how do you determine the hard part of these types of cases? How do you determine when something someone's entitled to something as a matter of law? It's inconsistent or it's a compromise. Inconsistent verdicts are extraordinarily, extraordinarily limited. And in that case, they are where there's answers to specific questions on interrogatories that are inherently inconsistent as opposed to one that's a compromise. So, for instance, in this case, the case, this case has a lot of the similarities to a case that was before this court called Atkins versus the City of New York, which was back in 1988, which the issue in Atkins was very similar in that, except for the fact that nobody really knows how to determine what constitutes a close question of liability on whether something constitutes a compromise. So, for the purpose, to answer your question, an inconsistent verdict isn't necessarily one in which a jury finds liability and doesn't award damages. It's one in which the liability questions themselves cannot necessarily be reconciled. And that's been a traditional, that has been the traditional analysis of the distinction between a compromise verdict and one in which it's inconsistent. And not only this circuit's ruled on it that way, but virtually all the other circuits have ruled the same way. Maybe you could move on to speak about what was wrong, in your view, with the district court's method of preserving the jury's verdict. Okay. The district court has an obligation and the defendant, of course, has a title as a Seventh Amendment right to jury trial. Well, the first issue is, and we're stuck with no additors, so it would be impossible for the district court to have, if we were around the corner, the district court would have just added some money to the award and we wouldn't be here. But, in this process, we can't. So, what did the district court do? The district court, and I'm going to use its exact language, it said, it's not enough to show the jury's answers on a verdict sheet do not conform to the theories the parties advanced or that the court would have anticipated. Okay. That is an incorrect proposition of law. Because what happens in these trials is that the parties chart their course as to what the claims are going to be. Are we now going to allow a retrospective look at a case on a claim that was never argued by any of the parties, never put before the jury, to justify the verdict? You said in other circumstances that the jury doesn't have to accept all of one party's theory or all of the other party's theory. The jury can make credibility and other determinations and kind of weave its own course. And this was a particularly opaque special verdict sheet. Judge Garifuss did what he could to reconcile the verdicts that were presented. What's wrong with that? Because the claim about an injury to Mr. Ali from being taken, being dragged from the desk to the front of the cell, was never argued or presented to this jury.  He was lifted up. His boxers were torn. He was bodily removed into the cell, right? No. See, but that's the way the facts get in the way of that argument. The facts get in the way of the argument because according to the police officers, much happened before Mr. Ali was placed into the cell. And so— There was a holding cell and then another cell? Well, there was no—it was out in front of the desk. He was in front of the desk. And then there's grossly inconsistent testimony between the police officers as to who did what and who was where when Mr. Ali ultimately got there. The story made absolutely no sense. Well, looking at all the conflicting testimony and what emerged at trial, why couldn't the jury have found that Kip used excessive force in moving from the front desk to the holding cell? Well, in theory, they probably could have if that had been a claim in the case. We never argued that. And if you look at Judge—that was never in any of the opening statements. Would it have been consistent with the jury, with the instructions given to the jury, that that kind of movement would be excessive force and would constitute a— It would not because it wouldn't be a survivable claim. And that's part of the problem. Carrying him and even ripping his underwear under—as Judge Friendly once said, not all force that's used necessarily rises to the level of a constitutional violation. It wouldn't have been sustainable. It wouldn't have necessarily been a constitutional violation. It was never a claim in the case. And even Judge Garifas recognized it wasn't. The Fourth Amendment standard is reasonableness. You don't think it could have been unreasonable? Probably not in light of Mr. Ali's condition at the time. I mean, you don't have the benefit of seeing some of the photographs. He was in a highly intoxicated condition. It wouldn't have been—it would not have necessarily been unreasonable to remove him. And even—and there are a long body of cases that say—that talk about necessarily the level of the force. And if that's the case, even the $1 wouldn't have been wrong because Judge Garifas should have given him the money for his destroyed clothing at that point. But that's not what happened. That's not what—no one ever argued that. And Judge Garifas didn't charge it. His instruction specifically said placing Mr. Ali in the cell, not bringing him to the cell. If that was going to be a claim in the case, it should have been delineated as a separate claim because the injuries would have necessarily been different. One would have been a physical injury, what happened inside the cell, and one would have been a damage to his property in terms of when he was being dragged. That was not the case. And that's why Judge Garifas didn't charge nominal—give them a nominal damage charge in the case. He specifically said—he looked at the evidence and said there's no way a jury could have found that it was nominal damage based on the fact that he had 11 staples put in his head and 6 stitches. Thanks very much, Mr. Garifas. Yes, sir. Appreciate it. Garifas. We'll hear from Ms. Nichols. May it please the Court. My name is Amanda Nichols and I represent the appellee, Sergeant Kipp, in this appeal. Your Honors, the verdict in this case, while not unique, was certainly unusual. And while we cannot definitively say—know why the jury reached the result it did, the choice for this Court is between the objective analysis done by the district court judge who sat in and oversaw the trial and all of the evidence that was submitted and speculation by the plaintiff appellant in this case as to why the jury reached the result that it did. It's the same district judge who declined to give a nominal damages instruction. And it was only after the fact that he constructed this theory about possibly what the evidence could support. And Judge Garifas addressed that in his decision. He said, initially, I did not believe there was a view of the evidence that would permit nominal damages. But after conducting a deeper analysis of the evidence that was before the jury, he concluded that the testimony that Mr. Ali was dragged to the cell by his neck and his pants, causing his boxers to rip, could have been considered excessive force. And, Your Honors, this was not a new theory. The theory was that in his interaction with Mr. Ali— So what is the injury? I mean, the jury found that the plaintiff has proven by preponderance that he suffered an injury approximately caused by the use of excessive force. What is the injury? As Judge Garifas noted, the jury could have concluded that there was some pain that was associated with the dragging of him if he was dragged in such a way that his boxers were torn. Was there any evidence presented to support that he suffered pain while being transported from one place to another? Not specifically. It was just the torn boxers? Exactly. And the jury could have made that sort of inference. This court in Amado v. City of Saratoga stated that the jury could have reasonably concluded that yelling, grabbing, possibly shoving Amado were clearly aggressive and could have supported a finding of excessive force, but would not necessarily have led to a compensable injury. Similarly, in other cases where the excessive force claim has encompassed a larger interaction, for example, in Haywood, which involved an altercation in a day room, the court noted that there could have been a reasonable use of force that caused a compensable injury, but that in continuing the altercation, perhaps in slapping the plaintiff, that was a form of excessive force, but not one that resulted in a compensable injury. It's not a new theory, but rather a view of the interaction. And just because there was no specific evidence as to the pain that was caused from that interaction doesn't mean the jury could not have inferred that from the evidence. And when faced with this type of a verdict, it is incumbent on the district court to see if there is an explanation that can reconcile the two decisions. And this was a reasonable explanation based on the facts. Was the explanation consistent with the jury instructions? It was, because the jury was instructed that the excessive force claim was based on the placing of Mr. Ali in the cell. And the testimony that was provided by Mr. Ali described his placement into the cell from the front of the desk as being dragged aggressively down the hall and being thrown into the cell in an aggressive manner. It was all part of placing in the cell. It's a reasonable view. They were also instructed that excessive force would be more force than reasonably necessary under the circumstance. They certainly could have found that to be the case here. So this was a reconcilable verdict. This was a decision that the jury could have reached, and the district court was correct in denying the post-trial motion and in affirming it. You argued that Mr. Ali waived any claim that the verdict is inconsistent. Do you mean that we should not consider any inconsistency in determining whether this is a compromise verdict? That's what your adversary is arguing right now, right, that this is an unlawful kind of jury gone off on its own because they didn't like Mr. Ali. Well, our primary position on this appeal is that this was a reconcilable verdict. It wasn't inconsistent to the extent that it can be justified by the evidence that was before the jury. But if it cannot be reconciled, if this court were to find otherwise, then this would be an inconsistent verdict. And I respectfully disagree with my adversary that an inconsistent verdict is only one where there is a different verdict on liability because there are many cases from this court. Brooks v. Battleboro, we've cited many of these in our brief. Tolbert v. Queens College, Robinson, I'm not going to have the other name, but we've cited these in our brief where there was a finding of liability that was inconsistent with an award of damages. So, for example, in Brooks v. Battleboro, there was a finding of liability against doctors for negligent diagnosis and treatment, and there was undisputed evidence of pain and suffering. But the jury awarded no damages for pain and suffering. But we've also recently said, right, that our case law has identified impermissible compromise in the context of discrepant liability and damages clearly inconsistent with the facts adduced at trial. The facts adduced at trial here were this bloody head injury, and yet the jury found both proximate cause and excessive force. Well, Your Honor, although I agree that the case law is somewhat unclear on the difference between inconsistent verdicts or compromised claims, I would argue that just because a compromise can be an explanation for an inconsistency, an inconsistent verdict would be one where the same facts underlying one finding would have compelled the other. So the same facts that would require a finding of excessive force, if the only facts the jury could have believed was that Sergeant Kipp had caused the undisputed injury, would have compelled an award of damages. So in that sense, just as the same facts in one might argue in the Buchwald case would have required a finding of liability under both the federal and state claims, those would be inconsistent. Part of the confusion comes in where there are some types of compromised verdict claims that are not predicated on inconsistency but perhaps some sort of inadequate damages award. But where there is this underlying inconsistency, it still is an inconsistent verdict, and all of the justifications for why it would need to be objected to before the jury was dismissed are applicable in this type of situation as well. So what do you have to show to demonstrate that an impermissible compromised verdict has been reached? Well, for a compromised verdict in this, so in Atkins, which we agree is one of the prevailing cases in this precise type of situation, where there is some inconsistency in the verdict between the theory of liability and the finding of no damages, so not an inadequate damages award but, in fact, an award of no damages and a finding of excessive force, that itself raises an issue. And then there is also a close question of liability. So as in Atkins, on the issue of credibility, similarly here, the close question was one of credibility. That is another indicia of compromise that would at least raise the specter that this was a form of compromise. So am I hearing you right, though, that, I mean, we have those factors here? We do. So, again, we believe that this is a verdict that is reconcilable and can be affirmed. This verdict can be affirmed just as Judge Garifuss did. But in the event this Court were to not find that, then all of the indicia suggesting that this was a compromised verdict are there and would require sending this back for a complete new trial as opposed to one on damages, although, again, we contend that that's unnecessary. Thank you.  Counsel is reserved one minute. Thank you, Judge. All of the cases that deal with that in which the city has cited to that deal with a subsequent jury verdict being sustained on grounds that it was reconcilable all have two really important factors in them. One, there was a nominal jury charge. Nominal damages jury charge set to all of them. Even Atkins had a nominal jury charge. Judge Garifuss knew that this case didn't require a nominal jury charge because there was no theory of liability. And is this Court's theory that would have justified a nominal award? And that's what this Court said in Atkins. It said, we may infer that a verdict is a compromise where damages are awarded in an amount inconsistent with the theory of liability offered at trial together with other indicia such as a closed question liability. Theory. The only theory that these parties litigated was what happened in that cell. If you looked at the cross-examination of Mr. Ali by the attorney for the city, it took him 20 pages before he even got to anything that happened in that precinct. It was all a character assassination. That's all they did was go after him. That was the bottom line. In the other cases, there's another important in which the courts denied the motion. There's another important fact. There were multiple officers who were involved. So where they could have found that one officer acted excessively, but that didn't cause any damage and gave him a dollar, and the other officer didn't do anything at all. None of those are present here. Thank you. Thank you, Judge.